IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-01744-CYC

CAIN ALDANA-ACEVEDO,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora Detention Facility, in his official capacity;
GEORGE VALDEZ, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, in his official capacity; and
TODD BLANCHE, Attorney General of the United States, in his official capacity,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on petitioner Cain Aldana Acevedo's ("petitioner") motion to enforce the Court's prior order granting, in part, his petition for habeas corpus. ECF No. 14. He claims that the bond hearing he received was deficient, and seeks an order requiring his immediate release from detention or, alternatively, a new bond hearing. For the reasons that follow, his motion is **GRANTED** to the extent that he shall be provided a new bond hearing before a different immigration judge ("IJ").

## BACKGROUND

The petitioner, a noncitizen in removal proceedings, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Aurora Detention Facility. On May 12, 2026, the Court granted his habeas petition in part, finding that his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) was unlawful, and ordering that the respondents provide him a bond hearing pursuant to 8 U.S.C. § 1226(a) before an IJ within seven days. ECF No. 13 at

5. The Court further ordered that, in order to maintain detention, the Department of Homeland Security ("DHS") would bear the burden of proving that the petitioner is a danger to the community by clear and convincing evidence or a flight risk by a preponderance of the evidence. *Id.* at 4–5.

The petitioner had a timely bond hearing before IJ Buhl-Madsen. ECF No. 14-1. DHS submitted the petitioner's Form I-213. ECF No. 14-2. In support of his release, the petitioner submitted documentation of his U.S.-citizen child, his employment history, and his community support. *See* ECF No. 14-1 at 1–2. The petitioner claims, and respondents do not deny, that at the hearing itself, the IJ initially denied his request to testify before acquiescing. ECF No. 14 at 17.

In a two-page written memorandum, the IJ denied bond. *Id.* Based on the I-213, she found that the petitioner was a danger by clear and convincing evidence because: (1) he was convicted of Careless Driving, a traffic misdemeanor, in 2023, (2) the ICE officers who conducted the instant arrest believed him to be operating a motor vehicle under the influence, and (3) he, at one point, became "resistant to his arrest." *Id.* at 2. The I-213 does not explain how the petitioner resisted his arrest. The IJ also determined that the petitioner was a flight risk by a preponderance of the evidence because of this "resistance," his "unclear" testimony about his sponsor, and because his claim for relief from removal "appears speculative." *Id.* at 2. To reach this latter conclusion, the IJ *sua sponte* reviewed the petitioner's Form I-589 application, which was not introduced as evidence by either party at the bond hearing. ECF No. 14 at 12.

## ANALYSIS

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose . . . submission to their lawful mandates." *Chambers v. NASCO, Inc.*,

501 U.S. 32, 43 (1991) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 227 (1821)). Accordingly, courts in this district and throughout the country have found that they retain jurisdiction to ensure that their orders directing bond hearings in immigration proceedings are followed faithfully. *See, e.g.*, *Guzman Torres v. Baltazar*, No. 26-cv-03265-CNS, 2026 WL 2267182, at *1 (D. Colo. Aug. 6, 2026); *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 2137800, at *2 (D. Colo. July 23, 2026); *Mejia v. Baltazar*, No. 26-cv-00385-NYW-TPO, 2026 WL 1361514, at *1–2 (D. Colo. May 15, 2026); *Timbigamba v. FCI Berlin*, *Warden*, 836 F. Supp. 3d 430, 441 (D.N.H. 2026); *Diallo v. Raycraft*, 833 F. Supp. 3d 798, 799 (S.D. Ohio 2026); *Bayani v. LaRose*, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026); *Garcia v. Hyde*, 817 F. Supp. 3d 112, 123 (D.R.I. 2025).

Respondents do not dispute this, but argue that the "motion to enforce the Court's order lacks a basis for relief where respondents have complied" with the order. ECF No. 16 at 6 (quoting *Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2026 WL 25143, at *2 (D. Colo. Jan. 5, 2026)). They claim that because the "IJ provided Petitioner with an individualized bond hearing" where she found dangerousness and flight risk by the requisite standards, "there is nothing left to enforce." *Id.* (cleaned up). This argument is circular. The only way for a court to determine if the respondents complied with its order is to "independently review the IJ bond proceedings and whether the burden of proof [the IJ] used comported with due process." *Perez Lopez v. Baltazar*, No. 26-cv-4137-WJM, 2026 WL 2823467, at *3 (D. Colo. Sept. 21, 2026) (quoting *Lopez v. Paulk*, 830 F. Supp. 3d 1356, 1368 (M.D. Ga. 2026)). Accordingly, the Court will "review the nature and structure of the [IJ's decision] for the minimal indicia of due process." *Mejia*, 2026 WL 1361514, at *2 (quoting *Lopez*, 830 F. Supp. 3d at *1368)).

Nor is administrative exhaustion a bar to review. It is well established that "[i]n the immigration context, 'exhaustion of remedies is statutorily required only for appeals of final orders of removal.'" *Id.* (quoting *Quiroz Zacarias v. Mullin*, No. 26-cv-00574-WJM, 2026 WL 1092162, at *3 (D. Colo. Apr. 22, 2026)). "Here, Petitioner is not appealing a final order of removal. Instead, he challenges the constitutional adequacy of the procedures used at his bond hearing. Thus, exhaustion is not mandatory in the present case." *Rivera v. Valdez*, No. 26-cv-01765-NRN, 2026 WL 2137800, at *2 (D. Colo. July 23, 2026) (quoting *Suarez Sanchez v. Baltazar*, No. 26-cv-02188-RMR, 2026 WL 1487578, at *2 (D. Colo. May 28, 2026)). And contrary to the respondents' contention, *see* ECF No. 16, "sound judicial discretion" counsels against requiring exhaustion in this case. *Mejia*, 2026 WL 1361514, at *4. While the petitioner does challenge the application of several regulations, the thrust of his motion is that his hearing did not comport with this Court's order and violated due process. To the extent that the Board of Immigration Appeals ("BIA") has authority to answer those questions, they do not implicate special agency expertise, *see, e.g.*, *Gilmore v. Weatherford*, 694 F.3d 1160, 1167 (10th Cir. 2012), and therefore, the petitioner will not be required to exhaust his administrative remedies.

At the same time, a district court's review of a bond proceeding on a motion to enforce is "limited to whether it satisfied due process or otherwise suffered some defect that rendered it noncompliant with" the court's order. *Vital v. Baltazar*, No. 26-cv-01625-NYW, 2026 WL 2754170, at *2 (D. Colo. Sept. 17, 2026) (quotation marks omitted). Section 1226(e) of the Immigration and Nationality Act precludes judicial review of "any action or decision by the Attorney General under [§ 1226(a)] regarding the detention of any alien[.]" Thus, a district court may not reweigh the hearing evidence and "substitute its own

discretionary determination for the one made by the IJ." *Perez Serrano v. Hagan*, No. 26-cv-01641-CNS, 2026 WL 1396534, at *4 (D. Colo. May 19, 2026).

In the instant matter, the petitioner is entitled to a new bond hearing. "In a fundamentally fair bond hearing, due process has three essential elements," *Ghanem v. Warden Essex Cnty. Corr. Fac.*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022), including, as relevant here, "entitle[ment] to factfinding based on a record produced before the decisionmaker and disclosed to him or her." *Id.* (emphasis added). The petitioner's bond hearing lacked this element because the IJ found flight risk based, in part, on a review of the petitioner's Form I-589 that was not introduced by either party and comprised no part of the bond hearing record. *See* ECF No. 14 at 12. This was error. At a bond hearing, "[t]he immigration judge should consider only evidence in the record[.]'" *Benitez Martinez v. Blanche*, No. 26-cv-00609-AKB, 2026 WL 2824542, at *3 (D. Idaho Sept. 21, 2026). In an analogous situation, a district court found that a bond hearing did not comply with its habeas order where the IJ "did not rely on evidence in the record" to find that the petitioner was a danger to the community, but instead "invoked the police report regarding Petitioner's DUI, which neither Petitioner nor the Government entered as evidence." *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026).

The respondents do not dispute that the IJ reviewed the petitioner's Form I-589 without it being offered by either party, but contends that her *sua sponte* consideration of the application does not violate 8 C.F.R. § 1003.19(d), which permits an IJ to consider "any information that is available," or BIA precedent. *See* ECF No. 16 at 12–13. But even if that is true in a bond hearing where the agency places the burden on the noncitizen, it violates due process where, as here, DHS must prove flight risk by a preponderance of the evidence. *See Garcia Ortiz*, 2026 WL 948275, at *3–4; *cf. Shonhai v. Lowe*, No. 3:24-229, 2026 WL

538865, at *13 (M.D. Pa. Feb. 26, 2026) (denying motion to enforce where "[t]he IJ's Memorandum shows that her fact-finding was based on the entire record produced prior to and during the Hearing and was not based on any off-the-record information"). Although IJ Buhl-Madsen provided other reasons, her "[r]esort to extra-record assertions to support a flight-risk finding confirms that the government did not meet its burden with the evidence it actually offered." *Abdelmasseh v. Hermosillo*, No. C26-730-MLP, 2026 WL 1493322, at *2 (W.D. Wash. May 26, 2026). In the absence of the IJ's reliance on this extra-record information, "[t]he Court cannot forecast how [she] would have exercised [her] discretion, had [the petitioner] received the process he was due." *Yao v. Almodovar*, 813 F. Supp. 3d 461, 476 (S.D.N.Y. 2025); *see also Vasquez Perez v. Lyons*, No. 26-3102-JWL, 2026 WL 1780563, at *2 (D. Kan. June 22, 2026) (ordering a new bond hearing because "it cannot be determined whether the IJ's decision would have been the same if he had not considered an improper factor in his analysis").

The IJ's resort to evidence outside the record casts doubt on her finding as to dangerousness, as well. An IJ must be "a neutral adjudicator, not an investigator filling gaps in the government's case." *Abdelmasseh*, 2026 WL 1493322, at *2; *Bayani*, 2026 WL 1270059, at *7 ("[A]n immigration judge has a responsibility to function as a neutral, impartial arbiter and must be careful to refrain from assuming the role of advocate for either party." (quoting *Islam v. Gonzales*, 469 F.3d 53, 55 (2d Cir. 2006))). By considering evidence outside the record during the bond hearing, the IJ "certainly create[d] the appearance that [she] was looking to rationalize a preordained decision to deny bond rather than conducting a genuinely individualized assessment of Petitioner's circumstances." *Garcia Ortiz*, 2026 WL 948275, at *3. This appearance is not helped by the petitioner's unrebutted assertion that the IJ initially denied him the opportunity to testify at his own bond

hearing before relenting. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1056 (9th Cir. 2005) (finding due process violation where an IJ refused "to hear relevant testimony because of a prejudgment about the witness's 'credibility [and] the probative value of [the witness's] testimony'" (citation omitted)); *Torres Murillo v. Barr*, No. 19-cv-05676, 2019 WL 8723753, at *3 (N.D. Cal. Oct. 23, 2019) ("An IJ's refusal to hear relevant oral testimony may constitute a due process violation."). Because she ultimately allowed the petitioner to testify, this does not constitute a separate due process violation, but combined with the IJ's reliance on extra-record material in her flight risk analysis, her finding of dangerousness cannot be presumed to rest on clear and convincing evidence. In sum, because the IJ deprived the petitioner of a "fundamentally fair bond hearing," relief is warranted. *Collado Nunez v. Oddo*, No. 25-CV-143J, 2026 WL 1170973, at *7 (W.D. Pa. Apr. 30, 2026) (quoting *Ghanem*, 2022 WL 574624, at *2).

Turning to the appropriate relief, some courts have ordered a second bond hearing employing the constitutionally required standards. *See, e.g., Bayani*, 2026 WL 1270059, at *8; *Vasquez Perez*, 2026 WL 1780563, at *3; *Segura v. Bondi*, 1:26-cv-304 (LMB/WEF), 2026 WL 688862, at *7 (E.D. Va. Mar. 11, 2026). Others have concluded that release is the appropriate remedy. *See, e.g.*, *Guzman Torres*, 2026 WL 2267182, at *2; *Quiroz Zacarias*, 2026 WL 1092162, at *5; *Mejia*, 2026 WL 1361514, at *4–5. "Upon review of the record and considering all the circumstances of this case," *Mejia*, 2026 WL 1361514, at *5, the respondents will be ordered to provide the petitioner another, constitutionally compliant bond hearing before a different IJ **no later than October 9, 2026** or else release the petitioner on reasonable conditions not to include electronic monitoring. *Vasquez Perez*, 2026 WL 1780563, at *3; *Segura*, 2026 WL 688862, at *1. At that hearing, the respondents will continue to bear the burden of proof to maintain detention. The IJ must consider the full

record and only the record. Furthermore, the IJ "is required to meaningfully consider alternatives to imprisonment such as community-based alternatives to detention including conditional release, parole, as well as Petitioner's ability to pay a bond," and such consideration should be reflected in the oral and/or written bond order. *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919, at *8 (D. Colo. May 5, 2025); *see also Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017); *Black v. Decker*, 103 F.4th 133, 158 (2d Cir. 2024).

## CONCLUSION

For the foregoing reasons, it is **ORDERED**:

1. The Petitioner's Motion for Immediate Release Or, in the Alternative, for a New Bond Hearing, Based on Legal Error in the Bond Determination and Enforcement of This Court's May 12, 2026 Order, ECF No. 14, is **GRANTED** in part. The Petitioner's Motion for Immediate Release for Lack of the Warrant Required by 8 U.S.C. § 1226(a), and, in the Alternative, for Leave to Supplement the Petition Under Fed. R. Civ. P. 15(d), ECF No. 19, is deemed **WITHDRAWN** pursuant to Petitioner's Notice of Withdrawal of Motion for Immediate Release, ECF No. 20.

2. On or before **October 9, 2026**, the respondents shall provide the petitioner with a second bond hearing before a different Immigration Judge or else **release** the petitioner on reasonable conditions not to include electronic monitoring.

3. At the bond hearing, the respondents **shall** bear the burden of proof to maintain detention. To maintain the petitioner's detention, the respondents must prove dangerousness by clear and convincing evidence or flight risk by a preponderance of the evidence.

4. The Immigration Judge **shall** meaningfully consider alternatives to detention and, if bond is set, the petitioner's ability to pay a bond. Any bond order **shall** reflect such meaningful consideration.

5. On or before **October 13, 2026**, the respondents shall file a status report updating the Court as to the outcome of the bond hearing.

Entered and dated this 2nd day of October, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge